## MOORE VS. CULBERTSON.

Where a contractor files apportioned liens against a number of houses and then receives a part payment from the owner, and afterwards receives the full amount of the liens filed against some of the houses, from a Sheriff's sale, thus being overpaid as to those houses ; the owner in a suit upon the other liens is entitled to a credit for such excess.

Error to the Common Pleas No. 3, of Philadelphia County, No. 89 July Term, 1883.

John E. Moore, on May 12, 1879, made a written contract with the defendant to do the tin roofing necessary on houses being erected by the defendant. He finished the work on Oct. 9, 1879, and the amount due him under the contract was $633.52. Defendant paid plaintiff on account $430, being in full for two houses, leaving a balance of $303.52 due, for which the plaintiff filed his lien against the seven houses, on five houses $29.07 each, and on the other two houses $31.42. Sci. fas. were afterwards issued upon these liens. The defendant filed an affidavit of defence-that the work was badly done and that he had a set-off. While these suits were pending four of the houses were sold by the Sheriff on other claims and Moore received from the Sheriff $143. At the trial there were various payments, checks and receipts given in evidence,

which would show that Moore had been overpaid. The charge of the Court was as follows:

Gentlemen of the Jury: The plaintiff contracted with the defendant to do the tin work of nine houses, on 17th street, for five cents per square foot. It is an undisputed fact that he did the work, and the bill therefore amounted to $633. Now, you will readily understand that if anyone had bought any of these houses and paid the $633, that would entirely settle the plaintiff's claim, and he would have no right to demand one cent from anybody else. It appears from time to time he received five different payments, which he admits amounted to $465. As against the sums, however, there is satisfactory evidence that he loaned defendant $25 to take up a note of $165, that makes undisputed payments of $440. There should be added $143 which plaintiff's counsel received from the Sheriff. The plaintiff claims that inasmuch as the money was received by plaintiff's attorney, upon account of some of the houses, settled for with the Sheriff, and not included in this suit, that these sums should not be credited here. I say that is not the law. Having been receipted on account of this claim, the defendant should have credit in this action. You will, therefore add the $143 from the Sheriff, which will make $583. In addition the defendant avers that he paid on June 13, $35, and on July 19, $45. These payments are disputed, but, inasmuch as it is in evidence that the plaintiff received the checks of the defendant for these amounts, which have passed through bank and are now in possession of defendant, the plaintiff is called upon to show that he did not receive the money on them. There has been no explanation at all that amounts to evidence, and, therefore, you ought to add these two sums of $35 and $45, and that makes $663, which overpay plaintiff $30. The plaintiff has sworn that he also received $50 on account of a note. That added to $30 making him overpaid $80. That is the view the evidence presents, and if your decision is according to the evidence, it will be that he has been overpaid $80. But if you strike out the $35 and $45, the account is square and the verdict shall be for the defendant. Upon the evidence $80 has been overpaid. The attorney on the stand claims that out of the money

received from the Sheriff costs were paid by plaintiff's attorney, which should be allowed them. If you give him credit there is no evidence to show that any specific sum or sums of costs were paid. The amount claimed to have been claimed for costs in all does not amount to $80, and if this be so, he would still be overpaid, and the verdict should be for the defendant. The jury found a verdict for the defendant.

Moore then took a writ of error, complaining of the admission in evidence of the checks; 2nd. In admitting as credits upon the three apportioned liens here sued upon, payments in settlements of other apportioned liens of other houses not included in this suit. That the Court erred in diregarding plaintiff's claim for interest.

*H. G. Harris, Esq.*, for plaintiff in error, argued that the admission of the checks was improper to show that they were payments upon the particular action sued upon. The money received from the Sheriff was in payment of the liens against the houses which had been sold, and, if incorrect the defendant should have objected to that payment and it is error to bring that action into the present suit. The Court in effect gave binding instructions to the jury, which was error; Sellers vs. Jones, 22 Penna., 423; O'Hara vs. Richardson, 46 Penna., 387. The general tenor of this charge had a tendency to mislead and should be reversed; Ins. Co. vs. Rosenberger, 87 Pa., 207.

*Wm. C. Hannis, Esq., contra.*

The Supreme Court affirmed the judgment of the Court below on January 28, 1884, in the following opinion,

Per Curiam:

Although the instructions of the Court were pretty strong, yet we do not think they restrained the free will of the jury in finding the facts. The whole evidence so clearly showed the plaintiff to be fully paid that the instructions of the Court did not work any injustice. We see no sufficient cause for reversing the judgment.

Judgment affirmed.